UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                 No. 99-4685

JANETTE RIDEOUTT,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-99-11)

Submitted: July 13, 2000

Decided: July 21, 2000

Before WIDENER, LUTTIG, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles T. Berry, BOWLES, RICE, MCDAVID, GRAFF & LOVE,
P.L.L.C., Fairmont, West Virginia, for Appellant. Samuel Gerald
Nazzaro, Jr., Assistant United States Attorney, Wheeling, West Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Janette Rideoutt appeals from her convictions and sentences for conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. § 846 (1994), and aiding and abetting the possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (1994) and 18 U.S.C. § 2 (1994). Rideoutt's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), addressing the sufficiency of evidence to sustain Rideoutt's convictions and whether the trial was unfairly tainted by the prosecutor's remarks during the closing arguments. Counsel asserts that there are no meritorious issues for appeal. Rideoutt was notified of her right to file a pro se supplemental brief, but has not done so. The Government elected not to file a responding brief. We affirm.

To sustain a conviction the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. See Glasser v. United States , 315 U.S. 60, 80 (1942). In making this assessment, the government is entitled to all reasonable inferences from the facts established to those sought to be established. See United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Our review of the record under this standard leads us to conclude that Rideoutt's convictions are supported by sufficient evidence.

To set aside a conviction for prosecutorial misconduct in closing argument, we must find (1) that the prosecutor's remarks were improper and (2) that they prejudicially affected the defendant's substantial rights so as to deprive her of a fair trial. See United States v. Wilson, 135 F.3d 291, 297 (4th Cir. 1998). In the instant action, the prosecutor's comments did not directly refer to Rideoutt's failure to testify. The comments reflected exactly what the evidence revealed, that is, that the Government established facts from which the jury could return a guilty verdict. Accordingly, we find that the remarks were not improper and that Rideoutt was not denied a fair trial.

2

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Rideoutt's convictions and sentence. This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3